IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND)

| | |
|---|---|
| JOSE FLORES <br> 8757 Georgia Avenue, Suite 400 <br> Silver Spring, Maryland 20910 <br><br> Plaintiff, <br><br> v. <br><br> HUNAN DINER, INC. <br> 422 Washington Avenue <br> Colonial Beach, Virginia 22443 <br><br> SERVE: Long Binh To <br> 422 Washington Avenue <br> Colonial Beach, Virginia 22443 <br><br> And <br><br> ALAN LONG TO <br> 422 Washington Avenue <br> Colonial Beach, Virginia 22443 <br><br> Defendants. | Case No. __3:19cv771__ |

## COMPLAINT

Plaintiff Jose Flores ("Plaintiff"), by and through undersigned counsel, hereby files suit against Hunan Diner, Inc. ("Hunan Diner") and Alan Long To, individually (together, "Defendants"), and herein seeks unpaid wages, statutory damages, costs, and attorney's fees against Defendants for violations of Federal Fair Labor Standards Act ("FLSA"), and for other damages as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the State of Maryland.

2. Hunan Diner is a corporation formed under the laws of the Commonwealth of Virginia that operates an Chinese / Pan-Asian style restaurant at 422 Washington Avenue Colonial Beach, Virginia 22443, where Plaintiff perform employment work duties for the benefit of Defendants giving rise to this action.

3. At all times relevant, Alan Long To was Hunan Diner's primary owner and managing officer. In this capacity, Alan Long To was individually in charge of managing and administering the day-to-day operations of Hunan Diner, managed and supervised Hunan Diner's employees, including Plaintiff, set Hunan Diner's employee's schedules and pay rate and methods, including those of Plaintiff, and, individually, was in charge of keeping and maintaining all of Hunan Diner's employee records, including records relating to Plaintiff.

4. Plaintiff was an employee of both Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

5. Defendants are or have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, have had an annual gross volume of sales made or business done of not less than $500,000.00 at all relevant times.

6. At all relevevant times, Defendants qualified as the "employer" or "employers" of and for Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

7. Plaintiff and other employees of Defendants are or were individual employees engaged in commerce or in the production of goods or services for commerce. 29 U.S.C. § 207.

**JURISDICTION & VENUE**

8.  This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because Plaintiff's claims arise under the FLSA, a Federal statute.

9.  This Court has personal jurisdiction over Defendants because Defendants conducted continuous and ongoing business in the geographic region of the Eastern District of Virginia.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendants reside within this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

11. Pursuant to the foregoing, jurisdiction and venue are proper in this Court.

## FACTS

12. Plaintiff was employed and performed continuous compensable employment duties for Defendants as a general kitchen employee for the period of about 2003 through at least June 2019.

13. During the period relevant to this action, Plaintiff typically worked six (6) days per week from about 10:00 AM - about 10:00 -11:00 PM (with an hour break each day) for a conservative average of about sixty-five (65) hours per week.

14. At all times, Defendants had actual knowledge of all hours Plaintiff worked each week and suffered or permitted Plaintiff to work all compensable work hours set forth herein.

15. As to his compensation, Defendants paid Plaintiff at a monthly salary of $2,600.00 (paid roughly half in payroll check and roughly half in cash), plus daily meals (the cost to Defendants for which is estimated between $50.00 - $100.00 per week), and housing in home owned by Defendants (the cost to Defendants for which is estimated at $75.00 - $150.00 per week).

16. Defendants paid Plaintiff the same flat salary rate for all hours worked each week including overtime worked over forty (40) hours per week.

17. Defendants failed to pay Mr. Flores at the time-and-one-half overtime rate required by Federal law for hours worked each week over forty (40).

18. Without legal excuse or justification, Defendants failed to pay Plaintiff his wages for his final week of work.

19. For the three (3) year statutory recovery period, Defendants now owe Plaintiff unpaid wages in the amount of about twenty-five thousand dollars ($25,000.00).

20. For each year during his period of employment, Defendants issued Plaintiff an IRS Tax Information Return W-2 that was facially false, setting forth and identifying only the "on-the-books" payroll wages it paid to Plaintiff and intentionally omitting all "off-the-books" cash wages and non-wage benefits (e.g. food & housing) it paid to Plaintiffs.

21. 26 U.S.C. § 7434 provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

22. Here, damages will be awarded for violations of 26 U.S.C. § 7434 because (1) Defendants issued Plaintiff an information return each year of his employment (an IRS Form W-2); (2) that the information return was facially false (did not include cash wages and other benefits paid); and (3) Defendants had knowledge that the information on the information return issued to Plaintiff was false.

23. Here, Defendants knew they underreported Plaintiff's earnings on the IRS Form W-2s. Further, because Defendants paid Plaintiff by "off-the-books" cash, food, and housing, Defendants had actual knowledge of exactly how much money they should have reported on

Plaintiff's IRS Form W-2s as his correct wages. Consequently, Defendants now owe Plaintiff damages under 26 U.S.C. § 7434(b) in the statutorily mandated amount of $5,000.00 for each fraudulent information return issued to Plaintiff in the past six (6) years, plus attorney's fees and costs.

## CAUSES OF ACTION

### COUNT I
### (Violation of the FLSA 1.5x Overtime Wage Requirement)

24. Plaintiff re-alleges every allegation set forth above as if each were set forth herein.

25. As set forth above, Plaintiff performed work duties for the benefit of Defendants for which Defendants failed to compensate Plaintiff at the time-and-one-half rate required by the FLSA for overtime hours Plaintiff worked over forty (40) per week.

26. Defendants' failure to pay Plaintiff as required by the FLSA was with actual knowledge of illegality and was therefore willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid wages in an amount to be proven at trial, an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems

### COUNT II
### Violation of 26 U.S.C § 7434
### (Private Right of Action)

27. Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

28. As set forth above, Defendants paid Plaintiff his hourly wages partially by check "on-the-books" and partially in cash, food, and lodging, "off-the-books."

5

29. The cash, food, and lodging wages paid by Defendants to Plaintiff were not recorded or denoted by Defendants on Plaintiff's paychecks or yearly W-2 forms.

30. 26 U.S.C. § 7434 provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

31. Defendants issued Plaintiff an information return each year of his employment (an IRS Form W-2).

32. The information return Defendants issued to Plaintiff for each year of his employment was facially false because it did not include cash, food, or lodging wages Defendants paid to Plaintiff.

33. At all times, Defendants had actual knowledge it underreported and falsely reported Plaintiff's earnings on each IRS Form W-2 it issued to Plaintiff.

34. At all times, Defendants had actual knowledge of exactly how much money it should have reported on Plaintiff's IRS Form W-2 information returns as his correct wages.

35. In each tax year, Defendants should have issued Plaintiff a correct IRS Form W-2 tax form with the correct wages noted and calculated and the correct withholdings noted, calculated, and withheld.

36. Defendants acted knowingly, willfully, and fraudulently to purposely issue an incorrect IRS Form W-2 to Plaintiff in each tax year during his employ.

37. Defendants acted willfully to issue incorrect IRS Form W-2s to Plaintiff so (1) to avoid paying the employer share of FICA and related employer tax withholdings and (2) to reduce overhead and gain an unfair competitive advantage against industry competitors that

otherwise adhered to their employer related tax obligations; and (3) to hide their ongoing overtime wage and hour violations.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II in the statutory damages amount of $5,000.00 for each fraudulent information return issued to Plaintiff in the past six (6) years, plus reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

_____
Gregg C. Greenberg, VA Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*